UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

FILED
JUN 26 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re                                )   Case No. 05-18707-B-7
                                     )
Albert Yokley and                    )   DC No. PBB-4
Alena Yokley,                        )   DC No. PBB-6
            Debtors.                 )
_____)

**MEMORANDUM DECISION RE MOTIONS TO AVOID JUDICIAL
LIENS OF BEA LEGAL SERVICES AND PAYLESS CASHWAYS**

Peter B. Bunting, Esq., appeared on behalf of the debtors, Albert and Alena Yokley (the "Debtors").

Brian Attridge dba BEA Legal Services appeared pro se ("BEA").

Steven M. Koch, Esq., of Gubler & Ide appeared on behalf of Payless Cashways, Inc. dba Lumberjack Building Materials ("Payless").

  The Debtors' motions to avoid the judicial liens of BEA and Payless were tried before the undersigned on April 26, 2006. The court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 522. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (K). For the reasons set forth below, the Debtors' motions will be granted.

**Background.**

  This bankruptcy commenced under chapter 7 on October 7, 2005. The Debtors' bankruptcy schedules list the real property located at 4544 East Holland Avenue in Fresno, California as their residence (the "Residence"). The Debtors valued the Residence in their schedules at $330,000. The Residence was subject to three mortgage liens in the amounts of $133,056, $37,601, $14,216, and real property taxes in the amount of $825.46.[1] The unavoidable liens and taxes totaled approximately $185,698. The Debtors claimed a homestead exemption against

---

[1] Real property taxes are based on the Fresno County Tax Collector's proof of claim.

their Residence pursuant to 11 U.S.C. § 522(b)(2)(A)[2] and California Code of Civil Procedure § 704.730 in the amount of $150,000. There were no objections and the homestead exemption is now final. Thus, the value of the Residence, as of commencement of the case, must exceed $335,698 ($185,698 plus $150,000) before there will be any "non-exempt" equity over and above the unavoidable liens and the homestead exemption for satisfaction of a judicial lien.

Payless holds a judgment against the Debtors from the Fresno County Superior Court in the amount of $6,614.80 which was recorded as a judgment lien against the Residence on June 12, 2001. With post-judgment interest, Payless' judgment was approximately $10,000 at the commencement of this case.

BEA holds a judgment against the Debtors from the San Mateo County Superior Court in the amount of $6,057.49, which was recorded in the Fresno County Superior Court as a lien against the Residence on January 20, 2004. On June 6, 2005, BEA renewed the judgment lien in the increased amount of $12,269.87. With accrued interest, BEA's judgment was approximately $12,838 at the commencement of this case.

To the extent that the value of the Residence exceeded $335,698, the amount of the unavoidable liens and the homestead exemption, the non-exempt equity will be available to satisfy the judicial liens. If the non-exempt equity is not sufficient to cover all of the judicial liens, then it is allocated to the judicial liens in order of priority. In that event, the judicial liens will be avoidable to the extent that they exceed the non-exempt equity. If the value of the Residence is found to exceed $358,536 ($335,698 plus $10,000 plus $12,838), then the judicial liens will be fully secured, without impairing the homestead exemption, and they will not be

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated prior to the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

avoidable at all.

On February 8, 2006, Debtors moved under § 522(f)(1)(A) to avoid the judicial liens of BEA and Payless on the ground that said liens impaired their homestead exemption. BEA and Payless opposed the Debtors' motion, arguing in essence that the value of the Residence substantially exceeded $335,698 at the commencement of this case.

BEA offered the testimony of Richard Samuelian, Jr, a Certified Real Estate Appraiser with 16 years of experience in the Fresno area. Mr. Samuelian estimated the value of the Residence at $350,000 based on recent sales of four other residential properties in the surrounding area (the "Comp. Sales"). Neither Payless nor the Debtors introduced any appraisal or expert testimony. The Debtors testified directly regarding their opinion of the condition and value of the Residence. The Residence is almost 40 years' old. It sits approximately one-half mile from the Fresno Yosemite International Airport and is directly under the flight path of airplanes taking off and landing there. None of the Comp. Sales were in the same immediate neighborhood as the Residence, the nearest being approximately one-half mile away, and the furthest being 1.2 miles away. All of the Comp. Sales are further away from the airport than the Residence. Mr. Yokley is a retired general contractor, but he is now disabled and unable to make repairs or maintain the Residence himself.

**Analysis.**

Pursuant to § 522(f)(2), a judicial lien impairs a debtor's homestead exemption to the extent that the sum of the judicial lien, other non-avoidable liens, and the available exemption, "exceeds the value that the debtor's interest in the property would have in the absence of any liens." Bankruptcy Code § 522(a)(2) defines the term "value" to mean "fair market value as of the date of the filing of the petition . . . ."

To prevail on a motion to avoid a judicial lien, the debtor must show that

(1) he has an interest in the homestead property; (2) he is entitled to a homestead exemption; (3) the asserted lien impairs that exemption; and (4) the lien is a judicial lien. 11 U.S.C. § 522(f)(1)(A); *Morgan v. Federal Deposit Insurance Corp. (In re Morgan)*, 149 B.R. 147, 151 (9th Cir. BAP 1993); *Premier Capital, Inc. v. Philip V. DeCarolis and Timothy P. Smith (In re DeCarolis)*, 259 B.R. 467, 471 (1st Cir. BAP 2001). As the moving party, the debtor carries the burden of proof on all factors. *DeCarolis*, 259 B.R. at 471. However, once the Debtor establishes that the value of the exempt property did not exceed the exemption plus the unavoidable liens, the burden shifts to the opponent to prove that the exempt property had a higher value, *i.e.*, that there was non-exempt equity at the commencement of the case. The court does not need to make a finding of the exact value unless it is first persuaded that there was some non-exempt equity which must be allocated to the judicial lienholder(s).

Here, the parties do not dispute that the Debtors have an interest in the Residence, and there is no dispute as to the validity of the homestead exemption. The parties do not dispute that the liens of BEA and Payless are potentially avoidable judicial liens. Thus, the dispositive question before the court is whether the fair market value of the Residence exceeded $335,698 at the commencement of the case, the threshold below which the liens of BEA and Payless will be totally avoidable under § 522(f).

At trial, Mr. Yokley testified as to his opinion that the Residence was worth less than $330,000 even though he declared that to be the value in the original schedules. He stated that similar homes in the same neighborhood had been selling for $260,000 to $270,000. For purposes of this contested matter, the court accepts the Debtors' schedules, executed under penalty of perjury, as an admission of the Residence's minimum value. Mr. Yokley explained that the Residence needs major repairs to the swimming pool, the roof, the interior walls, and water damage to the floors, totaling roughly $40,000. Mr. Yokley stated that some of the

repairs would need to be done before the house could be put on the market.

Mr. Samuelian concluded that the Residence had a fair market value of $350,000 based on an onsite inspection, the Comp. Sales and his experience with residential properties in the area. Mr. Samuelian clarified that his appraisal was not exhaustive and that he was not qualified to estimate the actual cost of needed repairs. The court therefore accepts Mr. Yokley's testimony that the repairs will cost approximately $40,000. Mr. Samuelian acknowledged that, in places, the floors in the Residence were "buckling" and "spongy." He also confirmed that the swimming pool was empty and needed to be re-plastered. To compensate for this, Mr. Samuelian did not assign any value to the pool. Some of the rooms in the Residence needed to be rewallpapered or repainted, and the house had minimal landscaping.

Based on the evidence presented at trial, the court is not persuaded that the value of the Residence exceeds $335,698, the amount needed to realize some non-exempt equity for satisfaction of the judicial liens. The Comp. Sales are not significantly higher in value than the exemption threshold of $335,698. Unlike the Comp. Sales, the Residence is in need of substantial repairs. Based on the photographs attached to Mr. Samuelian's appraisal, the Comp. Sales appear to be neatly landscaped and in considerably better condition than the Residence. Mr. Samuelian assumed that the Residence and all of the Comp. Sales were equally affected by the airport noise and that any adverse affect of the airport was equalized by other factors in the Comp. Sales. However, the Residence is significantly closer to the airport, the noise, and the airplane exhaust fumes, than any of the Comp. Sales. Whereas the Comp. Sales all appear to be marketable properties, the evidence here suggests that the Residence, with *inter alia*, an empty unusable pool, a bad roof, and damaged floors, is not even marketable in the normal residential real estate market without a major investment of time and money which the Debtors do not have.

Mr. Samuelian attempted to mathematically adjust the estimated repair costs into his appraisal, but that method assumes that the Residence, once repaired would have a value of at least $390,000 ($350,000 appraised value plus $40,000 repair costs). None of the Comp. Sales were valued that high. Mr. Samuelian's analysis presumes that a willing buyer would pay top dollar for the Residence and only demand a discount of $40,000, the estimated repair costs. However, the Residence appears to have potential health and safety issues. The court is not persuaded that the Residence could be sold in its present condition unless it is deeply discounted to compensate the buyer for, *inter alia*, the repair costs plus the risk, inconvenience, and delay associated with having to make the necessary repairs.

**Conclusion.**

Based on the foregoing, the court finds and concludes that the judicial liens of Payless and BEA impair the Debtors' homestead exemption. The Debtors' motions to avoid the judicial liens of Payless and BEA will be granted. Debtors' counsel shall submit appropriate orders for each motion consistent with this Memorandum Decision.

DATED: June 26, 20006

W. Richard Lee
United States Bankruptcy Judge

6

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Peter Bunting
2501 W Shaw Ave #119
Fresno, CA 93711

Albert Yokley
4544 E Holland Ave
Fresno, CA 93726

Alena Yokley
4544 E Holland Ave
Fresno, CA 93726

James Salven
PO Box 25970
Fresno, CA 93729

Steven Koch
1110 N Chinowth St
Visalia, CA 93291

Office of the US Trustee
2500 Tulare Street, Room 1401
Fresno, CA 93721

Brian Attridge
BEA Legal Services
PO Box 13074
Oakland, CA 94661

DATED: June 27, 2006

By: *Leticia Pietrowski*
Deputy Clerk

EDC 3-070 (New 4/21/00)